2022 IL App (1st) 210697-U

No. 1-21-0697

Order filed August 11, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CAROL CONERS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 M 5008542 |
| | ) | |
| JAMES CALDWELL and SUPER SHARP, INC., | ) | Honorable |
| | ) | Thomas W. Murphy, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Reyes and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court's judgment is affirmed where there is an incomplete record to review its judgment after a trial.

¶ 2    Plaintiff Carol Coners appeals the trial court's judgment in favor of defendants on plaintiff's breach of lease claim. The trial court entered its judgment after a trial and found that the amendment to the original lease adding defendant James Caldwell was not valid and that defendant Super Sharp, Incorporated, was not a party to the extended lease.

¶ 3    For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 4                              I. BACKGROUND

¶ 5    Plaintiff filed a complaint in the circuit court of Cook County seeking possession of the property at 13707 South Cicero Avenue, Crestwood, Illinois, and a money judgment for past due rents. The named defendants were James Caldwell and Super Sharp, Incorporated.

¶ 6    The complaint alleged that Charles Caldwell and Fred Coners, plaintiff's predecessor in interest, entered into a lease agreement on October 10, 2011. The agreement called for Charles to pay Fred $1,500 a month for the use of the property. The agreement was to run until November 30, 2014. On October 12, 2014, the initial lease was renewed, this time between plaintiff and Charles. The new lease was to run from November 1, 2014, to October 31, 2017. The lease was extended a third time on April 24, 2018. The lease was to now run until December 31, 2020.

¶ 7    On July 7, 2018, the lease was amended to add James. Plaintiff's Exhibit D allegedly captured this amendment. The exhibit was a letter stating that this "agreement pertains to the lease entered into on November 1, 2015, with reference to the above captioned rental unit." The unit described is the same as in the original lease. The letter then states: "It is hereby agreed upon by both parties (owner) Carol A Coners and (tenant) Charles Caldwell that said lease will be revised to add James Caldwell to such lease that began on November 1, 2015, and terminates on December 31, 2020, under the same conditions and terms as outlined in the original lease." The letter is signed by plaintiff, Charles, and James.

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 8    The complaint further alleged that defendants unlawfully held possession of the property as they had not paid the full rent due September 1, 2019. The complaint requested a judgment in the amount of $4,306.92 plus future rent accruing according to the terms of the lease. The complaint also sought an order granting plaintiff possession of the property.

¶ 9    Defendants filed an answer to the complaint and asserted nine affirmative defenses. Defendants denied most of the allegations in the complaint. The answer also asserted that Charles was diagnosed with a terminal illness in April 2018, and that plaintiff knew of the diagnosis. The answer alleged that plaintiff used the diagnosis to gain an unfair advantage over Charles and James in discussing the lease. The answer also asserted that plaintiff informed James that he could not retain a lawyer or she would cancel the lease. Defendants asserted that the amendment was unenforceable for several reasons, including that the parties did not know and understand all the essential terms of the addendum and that there was no meeting of the minds.

¶ 10    A trial was held via Zoom on January 21, 2021. The record does not contain a report of proceedings or other report of what occurred at trial.

¶ 11    The trial court found in favor of defendants in a written order filed on May 13, 2021. The court found that plaintiff's Exhibit D, which stated that the lease "will be revised," did not serve to make James a party to the agreement because the lease was never revised. The court concluded that neither defendant, James nor Super Sharp, was a party to the agreement.

¶ 12    No posttrial motions were filed. Plaintiff filed her notice of appeal on June 14, 2021. This is a direct appeal of the trial court's judgment.

¶ 13                                  II. ANALYSIS

¶ 14    Plaintiff contends that the trial court erred as a matter of law in concluding that plaintiff's Exhibit D did not amount to an amendment to the lease adding James. Plaintiff refers to the issue

as a pure question of law and the application of law to undisputed facts. Plaintiff requests that we reverse the trial court's judgment as a matter of law and remand for a trial on the merits.

¶ 15    Defendants have not filed a brief. The Illinois Supreme Court's decision in *First Capitol Mortgage Corporation v. Talandis Construction Company*, 63 Ill. 2d 128 (1976), dictates the appropriate procedure in this situation. The court "set forth three distinct, discretionary options a reviewing court may exercise in the absence of an appellee's brief: (1) it may serve as an advocate for the appellee and decide the case when the court determines justice so requires, (2) it may decide the merits of the case if the record is simple and the issues can be easily decided without the aid of the appellee's brief, or (3) it may reverse the trial court when the appellant's brief demonstrates *prima facie* reversible error that is supported by the record." *Thomas v. Koe*, 395 Ill. App. 3d 570, 577 (2009). Because the breach of lease issue is relatively simple, options two and three could arguably be utilized here. However, there is one significant roadblock to those paths.

¶ 16    Plaintiff has not provided a report of proceedings to establish what occurred at trial. This is problematic because defendants' answer denied many of the factual allegations in the complaint. Defendants also asserted numerous affirmative defenses attacking the validity of the purported amendment to the lease.

¶ 17    Illinois Supreme Court Rule 321 provides that the "record on appeal shall also include any report of proceedings prepared in accordance with Rule 323." Ill. Sup. Ct. R. 321 (eff. Oct. 1, 2021). Rule 323 mandates that the report of proceedings include "all the evidence pertinent to the issues on appeal." Ill. Sup. Ct. R. 323 (eff. July 1, 2017). Finally, Rule 323(c) provides for the creation of an agreed statement of facts or a bystander's report if no verbatim transcript is available. Ill. Sup. Ct. R. 323(c). A bystander's report is a court-sanctioned substitute for a "verbatim transcript" and is evidence of the proceedings themselves.

¶ 18    "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id*. at 392.

¶ 19    Here, because there is no transcript of the trial proceedings, it is impossible to conduct a meaningful review of the trial court's judgment. See *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7 (affirming the trial court's judgment where the appellant did not provide a record of the trial proceedings). While defendant contends that the facts were "undisputed," that is not borne out by defendants' answer. And while the trial court's order appears to be directed at the language of plaintiff's Exhibit D, it is impossible to tell if the trial court's decision was colored by trial testimony or other evidence presented at trial. In short, without the testimony and evidence presented at trial, we cannot adequately review the trial court's judgment.

¶ 20                                        III. CONCLUSION

¶ 21    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 22    Affirmed.